UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROBERT REEVES,

                                    Plaintiff,

    -against-

CITY OF NEW YORK, FREDDY TAVARES, Individually,
BARRY STOKES, Individually, MAYELIN PEREZ, Individually,
ELCODORO MATA, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                    Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 3622 (KPF)

<u>Jury Trial Demanded</u>

       Plaintiff ROBERT REEVES, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

       2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

       4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff ROBERT REEVES is a seventy year old African American man who resides in Bronx, New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants FREDDY TAVARES, BARRY STOKES, MAYELIN PEREZ, ELCODORO MATA, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On March 1, 2012, at approximately 6:30 p.m., plaintiff ROBERT REEVES was lawfully present inside a business establishment, namely a Chinese fast-food restaurant located on West 125th Street near the intersection of Amsterdam Avenue, New York, New York. Plaintiff lawfully entered the establishment to purchase food.

13. Just after plaintiff had ordered and paid for his food, defendant NYPD officer FREDDY TAVARES, who was present outside the restaurant, motioned through the restaurant's front window for plaintiff to exit the establishment.

14. Plaintiff then exited the restaurant and approached defendant TAVARES, who was present with defendant MAYELIN PEREZ.

15. Defendant TAVARES then told plaintiff, in sum and substance, that he wanted to see what was in his pocket. Plaintiff asked defendant TAVARES, "Why are you doing this?"

16. Defendant TAVARES frisked plaintiff on the outside of his clothes.

17. After plaintiff was frisked, defendant TAVARES searched the inside of plaintiff's front pants pockets.

18. Plaintiff was not in possession of any illegal contraband at the time of the aforementioned frisk and search.

19. After plaintiff was frisked and searched, defendants TAVARES and PEREZ began to talk to plaintiff in a disparaging and insulting manner.

20. Defendant officers BARRY STOKES and ELCODORO MATA were also present during the incident.

21. In addition, defendant BARRY STOKES took plaintiff's identification and ran

plaintiff's name for warrants. Upon information and belief, there were not warrants for plaintiff's arrest.

22. Defendants TAVARES, STOKES, PEREZ, and MATA refused to allow plaintiff to leave the location.

23. After approximately 30 minutes, the defendant officers finally released plaintiff without charging him with any offense.

24. The defendant officers TAVARES, STOKES, PEREZ, MATA, and JOHN and JANE DOE 1 through 10 either directly participated in the illegal conduct described herein or participated through their failure to intervene despite a reasonable opportunity to do so.

25. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, due to discrimination against plaintiff due to his race and/or nationality and otherwise pursuant to an unlawful "stop and frisk" policy and/or practice, and based on a custom or practice of falsification.

26. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the requirements to stop and search individuals, and that they otherwise engage in falsification.

27. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

4

28.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29.     As a result of the foregoing, plaintiff ROBERT REEVES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff ROBERT REEVES, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiff ROBERT REEVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants arrested plaintiff ROBERT REEVES without probable cause, causing him to be detained against his will for an extended period of time.

39. Defendants caused plaintiff ROBERT REEVES to be falsely arrested.

40. As a result of the foregoing, plaintiff ROBERT REEVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiff ROBERT REEVES, whose constitutional rights were being violated in their presence by other officers.

43. The defendants failed to intervene to prevent the unlawful conduct described herein.

44. As a result of the foregoing, plaintiff ROBERT REEVE'S liberty was restricted for an extended period of time, he was put in fear of his safety and he was humiliated.

45. As a result of the foregoing, plaintiff ROBERT REEVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR THE FOURTH CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herin.

47. Defendants unreasonably searched plaintiff ROBERT REEVES.

48. Defendants caused ROBERT REEVES to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

49. As a result of the foregoing, plaintiff ROBERT REEVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to his rights in failing to properly supervise and train his subordinate employees.

52. As a result of the foregoing, plaintiff ROBERT REEVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully stopping and searching individuals, and engaging in falsification.

56. The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff ROBERT REEVES'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has

been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROBERT REEVES.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROBERT REEVES as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ROBERT REEVES as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ROBERT REEVES was unreasonably searched, seized and otherwise deprived of his liberty.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROBERT REEVES'S constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff ROBERT REEVES of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from the failure to intervene; and

    D. To receive equal protection under law.

63. As a result of the foregoing, plaintiff ROBERT REEVES is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ROBERT REEVES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 19, 2014

                                          LEVENTHAL & KLEIN, LLP
                                          Attorneys for Plaintiff ROBERT REEVES
                                          45 Main Street, Suite 230
                                          Brooklyn, New York 11201
                                          (718) 722-4100

By: _____
                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROBERT REEVES,

                Plaintiff,

      -against-                                             14 CV 3622 (KPF)

CITY OF NEW YORK, FREDDY TAVARES, Individually,
BARRY STOKES, Individually, MAYELIN PEREZ, Individually,
ELCODORO MATA, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100